Jim C. THAXTON, Plaintiff

v.

Robert H. FINCH, Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. A. No. 3–2283–C.

United States District Court
N. D. Texas,
Dallas Division.

July 9, 1969.

Milam L. R. Wade, Dallas, Tex., for plaintiff.

Eldon B. Mahon, U.S.Atty., by Martha Joe Stroud, Asst.U.S.Atty., Dallas, Tex., for defendant.

OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiff filed an application for a period of disability and disability insurance benefits on October 13, 1966. He alleged an inability to work as of September, 1963 because of an acute myocardial infarction. After his application had been denied initially and upon reconsideration, plaintiff requested a hearing which was held June 8, 1967. The hearing examiner in his opinion dated June 27, 1967, which was adopted by the Appeals Council, made these findings:

(1) That the claimant earned no quarters of coverage under the Social Security Act during the 40-quarter period ending September 1963, and he has not since earned any quarter of such coverage, and

(2) He is not and has not been insured for disability purposes under the Social Security Act.

Petitioner appealed to this Court pursuant to 42 U.S.C.A. § 405(g).

Plaintiff began work in 1936, at which time he obtained a Social Security number. In 1940, he began working for the Department of Justice as an immigration inspector, a Civil Service position. Except for a four (4) year hiatus

caused by military service during World War II, petitioner remained in their continuous employ until September, 1963 when he became disabled.

Occasionally the Immigration and Naturalization Service required overtime work of Thaxton in connection with the examination and landing of passengers and crews of steamships, airplanes and other vessels arriving in the United States from foreign ports. Petitioner performed and was paid for these services pursuant to 8 U.S.C.A. § 1353a.[1] Such compensation was at least $50.00 for each quarter during the forty-quarter period ending September, 1963.[2] On June 30, 1965, the United States Civil Service Commission held that such overtime pay was not a part of plaintiff's base pay as an immigration inspector and therefore could not be considered for the purpose of computing his retirement annuity under the Civil Service Retirement Act, 5 U.S.C.A. § 8331 et seq. This Act computes benefits in terms of base pay. 5 U.S.C.A. § 8339 and 5 U.S.C.A. § 8331(4). In that this additional overtime work was not included in the computations for his disability benefits under the Civil Service Retirement Act, plaintiff alleges such time should be computed for disability benefits under Social Security. This Court does not agree.

Petitioner contends that while he was technically employed by the United States, the overtime pay was for services rendered under 8 U.S.C.A. § 1353a to accommodate steamship companies and airlines. He argues that the United States did not actually pay the overtime but merely served as a conduit for the compensation actually paid by the steamship companies and airlines.[3] He then encourages the Court to adopt the test stated in the last sentence of 20 CFR 404.1013(b) interpreting the Social Security federal employee exclusion (42

---

1. "The Attorney General shall fix a reasonable rate of extra compensation for overtime services of immigration officers and employees of the Immigration and Naturalization Service who may be required to remain on duty between the hours of five o'clock postmeridian and eight o'clock antemeridian, or on Sundays or holidays, to perform duties in connection with the examination and landing of passengers and crews of steamships, trains, airplanes, or other vehicles, arriving in the United States from a foreign port by water, land, or air, * * * but nothing contained in this section shall be construed in any manner to affect or alter the length of a working day for such employees or the overtime pay herein fixed."

2. "42 U.S.C.A. § 423. *Disability insurance benefit payments—Disability insurance benefits.*
(a) (1) Every individual who—
(A) is insured for disability insurance benefits (as determined under subsection (c) (1) of this section),
(B) has not attained the age of sixty-five,
(C) has filed application for disability insurance benefits, and
· (D) is under a disability (as defined in subsection (c) (2) of this section) at the time such application is filed, [shall be entitled to a disability insurance benefit * * *."

*Definitions*

(c) For purposes of this section—
(1) An individual shall be insured for disability insurance benefits in any month if—
(B) he had not less than twenty quarters of coverage during the forty-quarter period ending with the quarter in which such first day occurred, * * *."

3. "8 U.S.C.A. § 1353b. *Extra compensation; payment*
The said extra compensation shall be paid by the master, owner, agent, or consignee of such vessel or other conveyance arriving in the United States from a foreign port to the Attorney General, who shall pay the same to the several immigration officers and employees entitled thereto as provided in section 1353a of this title. Such extra compensation shall be paid if such officers or employees have been ordered to report for duty and have so reported, whether the actual inspection or examination of passengers or crew takes place or not: *Provided,* That this section shall not apply to the inspection at designated ports of entry of passengers arriving by international ferries, bridges, or tunnels, or by aircraft, railroad trains, or vessels on the Great Lakes and connecting waterways, when operating on regular schedules."

U.S.C.A. § 410(a) (6) (A)).[4] The last sentence reads as follows:

> The test is whether particular services performed by an employee are covered by a retirement system of the requisite character rather than whether the position in which such services are performed is covered by such retirement system.

Plaintiff then concludes that notwithstanding the coverage of his position as immigration inspector for the United States Department of Justice by the United States Civil Service Retirement System, the particular overtime services of examining and landing passengers from steamships, airplanes and other vessels were not covered in the computation of his retirement annuity under the Civil Service Retirement Act as held by the Civil Service Commission and therefore must of necessity be treated as employment under 42 U.S.C.A. § 410(a) and its compensation as wages within 42 U.S.C.A. § 409.[5]

Unfortunately petitioner has read the above quoted text in isolation. In proper context it has application to the preceding sentence and the two sentences together pertain to employees with optional coverage under either the Social Security Act or some other retirement system, such as the Civil Service Retirement System. The complete passage which constitutes the second half of 20 CFR 404.1013(b) reads as follows:

> Services of an employee who has an option to have his services covered under a retirement system are not covered under such retirement system unless and until he exercises such option. The test is whether particular services performed by an employee are covered by a retirement system of the requisite character rather than whether the position in which such services are performed is covered by such retirement system.

Although part of the same paragraph, the first half from which our issue is formulated pertains to federal employees without such an option.[6] Accordingly, the Court must determine whether this overtime compensation was covered by the Civil Service Retirement Act at the time the services were performed. If it were so covered, 42 U.S.C.A. § 410(a) (6) (A) would preclude Thaxton's eligibility for Social Security benefits.

Disability retirement under the Civil Service Retirement Act is authorized for Civil Service "employees" by 5 U.S.C.A. § 8337. "Employee" is defined for purposes of the Act in 5 U.S.C.A. § 8331(1)

---

4. "§ 410. *Definitions relating to employment*

For the purposes of this subchapter—

Employment

(a) The term 'employment' means any service performed after 1936 and prior to 1951 which was employment for the purposes of this subchapter under the law applicable to the period in which such service was performed, and any service, of whatever nature, performed after 1950 either (A) by an employee for the person employing him, irrespective of the citizenship or residence of either, (i) within the United States, or * * *; except that, in the case of service performed after 1950, such term shall not include—

(6) (A) Service performed in the employ of the United States or in the employ of any instrumentality of the United States, if such service is covered by a retirement system established by a law of the United States; * * *."

5. "§ 409. *Definition of wages*

For the purposes of this subchapter, the term 'wages' means remuneration paid prior to 1951 which was wages for the purposes of this subchapter under the law applicable to the payment of such remuneration, and remuneration paid after 1950 for employment, including the cash value of all remuneration paid in any medium other than cash; * * *."

6. "*Services covered under a retirement system.* Services performed in the employ of the United States or in the employ of any instrumentality thereof are excepted from employment if such services are covered under a law enacted by the Congress of the United States which specifically provides for the establishment of a retirement system for employees of the United States or of such instrumentality. Determinations as to whether services are covered by a retirement system of the requisite character are to be made as of the time such services are performed. * * *"

—"(A) an employee as defined by section 2105 of this title." Section 2105 in pertinent part states:

(a) For the purpose of this title, "employee" \* \* \* means an officer and an individual who is—

(1) appointed in the civil service by one of the following acting in an official capacity—

(A) the President;

(D) an individual who is an employee under this section;

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

Inasmuch as Thaxton fulfills the § 2105 definition on each criterion, he must be considered an employee covered by the Civil Service Retirement Act at the time he performed the overtime services and therefore not be entitled to Social Security benefits with regard to those services.

Petitioner, as noted above, separates the overtime services he performed for which he was responsible to the Justice Department and the compensation earned from the performance of those services. Although he admits that his total salary, both base and overtime, is paid by the United States Treasury, he argues that his overtime compensation is paid by the recipients of his overtime services because of 8 U.S.C.A. § 1353b.[7] Therefore, he says, since the United States government is a mere conduit for overtime pay purposes, these funds should be viewed as being outside the Civil Service Retirement Act.

United States v. Myers, 320 U.S. 561, (1944) as modified 321 U.S. 750, 64 S.Ct. 337, 88 L.Ed. 312, and Bishop v. United States, 355 F.2d 617, 174 Ct.Cl. 31 (1966) render assistance in the resolution of this matter. These cases clearly hold that the

United States is responsible for compensating immigration inspectors who work overtime, Sundays or holidays. Plaintiff's rights with regard to his wages run to the United States and not to the steamship companies and airlines in light of these cases. Likewise, it would seem that the United States would have a right of payment for services rendered against the recipient carrier regardless of its arrangement with its employee, the immigration inspector. With the rights and liabilities separated and distinct as they are, the United States could in no way be viewed as a conduit between plaintiff and the carrier. Accordingly the overtime wages received by plaintiff must be viewed as arising from his position as a § 2105 Civil Service employee and thereby included within the Civil Service Retirement Act.

Affirmed.